United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| Lucitelma Rodriguez, Maria Elena Guerrero, and Elvia Guerrero,<br><br>　　Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>　　Defendant. | Civil Action No. 5:21-cv-619-FB |

## ANSWER

Without waiving its affirmative defenses, the United States of America answers the numbered paragraphs of Plaintiffs' Complaint as follows:

### PARTIES

1.　The United States is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 1, but to the extent a response is required, the United States denies them.

2.　The United States is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 2, but to the extent a response is required the United States denies them.

3.　The United States is without sufficient information to admit or deny the truth or falsity of the allegations in Paragraph 3, but to the extent a response is required the United States denies them.

4.　The United States makes no response to the allegations of service contained in Paragraph 4, as no response is required. To the extent the allegations are deemed factual in nature by the court, the United States admits the allegation.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 constitute legal conclusions regarding jurisdiction, to which no response is required. To the extent the allegations are deemed factual in nature by the court, the United States admits only Plaintiff has filed suit pursuant to the Federal Tort Claims Act ("FTCA"), but denies Plaintiff is entitled to any relief under it.

6. The United States makes no response to the legal conclusions and allegations regarding venue contained in Paragraph 6, as no response is required. To the extent the allegations are deemed factual in nature by the court, the United States admits only that the incident that serves as the basis of the Complaint occurred within the Western District of Texas.

7. The United States makes no response to the legal conclusions regarding presentment of an administrative claim contained in Paragraph 7, as no response is required. To the extent the allegations are deemed factual in nature by the court, the United States admits only that Customs and Border Protection ("CBP") received an administrative claim filed on behalf of Plaintiff Lucitelma Rodriguez, and that the present suit was filed more than six months after the claim was received. A search of administrative claims filed by the remaining plaintiffs is ongoing. Except as expressly admitted, United States denies the remaining allegations of Paragraph 7.

8. The United States makes no response to the legal conclusions regarding presentment of an administrative claim contained in Paragraph 8, as no response is required. To the extent the allegations are deemed factual in nature by the court, the United States admits only that Customs and Border Protection ("CBP") received an administrative claim filed on behalf of Plaintiff Lucitelma Rodriguez, and that the present suit was filed more than six months after the claim was received. A search of administrative claims filed by the remaining plaintiffs is ongoing. Except as expressly admitted, United States denies the remaining allegations of Paragraph 8.

## CAUSE OF ACTION

9. In response to Paragraph 9, the United States admits only that, on September 7, 2019, a vehicle operated by United States Border Patrol Agent Kevin Kelder Felton contacted another vehicle. Except as expressly admitted, United States denies the remaining allegations of Paragraph 9, including subparagraphs (a-f).

10. The United States makes no response to the legal conclusions and allegations contained in Paragraph 10, as no response is required. To the extent the allegations are deemed factual in nature by the court, the United States denies each and every allegation.

## DAMAGES

11. Denied. The United States is without information sufficient to form a belief regarding either the cause or extent of Plaintiff Lucitelma Rodriguez alleged injuries, if any. Accordingly, the United States denies both the allegations contained in Paragraph 11 and that such injuries occurred and the allegation that the United States was the cause of them.

12. Denied. The United States is without information sufficient to form a belief regarding either the cause or extent of Plaintiff Maria Elena Guerrero alleged injuries, if any. Accordingly, the United States denies both the allegations contained in Paragraph 12 and that such injuries occurred and the allegation that the United States was the cause of them.

13. Denied. The United States is without information sufficient to form a belief regarding either the cause or extent of Plaintiff Elvia Guerrero alleged injuries, if any. Accordingly, the United States denies both the allegations contained in Paragraph 13 and that such injuries occurred and the allegation that the United States was the cause of them.

14. With respect to the allegations contained in Paragraph 14, the United States responds that the allegations constitute Plaintiffs' prayer for relief to which no answer is required.

However, to the extent that the aforementioned paragraphs may be deemed to contain any allegations of fact, each and every such allegation is denied. Moreover, in response to Paragraph l 4, pursuant to 28 U.S.C. § 2674, Plaintiffs are prohibited from recovering any amount of prejudgment interest against the United States. Also, Plaintiffs are prohibited from recovering post-judgment interest, except under limited circumstances. 31 U.S.C. § 1304. Further, to the extent that Plaintiffs' Complaint can be construed to request a jury trial, Plaintiffs are not entitled to a trial by jury with respect to their claim against the United States. See 28 U.S.C. § 2402.

Answering further, to the extent any other allegations are made in Plaintiffs' Complaint, but were not addressed above, they are denied.

## AFFIRMATIVE DEFENSES

1. A search for Plaintiffs' administrative claims is ongoing. Their claims may be barred for failure to exhaust administrative remedies.

2. The United States is not liable for Plaintiffs' alleged injuries to the extent another's negligence was an intervening or superseding cause, or that Plaintiffs had a last clear chance to avoid the alleged injuries or failed to mitigate same.

3. The alleged injuries and damages in the Complaint (if any) were not proximately caused by the negligent or wrongful act or omission of an employee of the CBP acting within the scope of their employment.

4. Texas law on comparative negligence, in whole or in part, bars Plaintiffs' claims.

5. In the event the United States is found negligent, which negligence it denies, the negligence of Plaintiffs contributed to causing any alleged injuries or damages, and any recovery must be comparatively reduced.

6. Defendant, through its agents, servants and employees, acted with due care and diligence at all times and violated no legal duty owed to Plaintiffs.

7. Plaintiffs' alleged injuries are the result of physical and medical conditions and accidents that pre-existed or were subsequent to the accident alleged in the Complaint and therefore were not caused by the incident that Plaintiff alleges occurred on September 7, 2019, that is the subject of this lawsuit.

8. The United States is entitled to the benefits of any common or statutory law of Texas that serves to cap or limit damages or liability.

9. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount against the United States in excess of that set forth in a claim validly presented to CBP.

10. Pursuant to 28 U.S.C. § 2678, Plaintiffs are not entitled to a separate award of attorney's fees.

11. Plaintiffs are not entitled to an award of costs, except as provided for in 28 U.S.C.§ 2412.

12. The United States claims any and all offsets and/or credits to which it may be entitled as a result of its provision of services or payments of benefits or expenses to Plaintiffs through Medicare, Medicaid, Tricare, Social Security Administration, or any other Agency of the United States of America.

13. Plaintiffs' recovery, if any, for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of the claim ant, under Tex. Civ. Prac. and Rem. Code § 41.0105.

14. Plaintiffs failed to mitigate their damages, and any recovery should be so

reduced.

15. The United States hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

Having fully answered Plaintiffs' Complaint, Defendant United States of America respectfully requests its costs incurred herein, and for such further relief as is just and proper.

          Respectfully submitted,

          Ashley C. Hoff
          United States Attorney

By: */s/ Faith Johnson Lowry*
          Faith Johnson Lowry
          Assistant United States Attorney
          Texas Bar No. 24099560
          faith.johnson@usdoj.gov
          601 N.W. Loop 410, Suite 600
          San Antonio, Texas 78216
          (210) 384-7355 (phone)
          (210) 384-7358 (fax)

          Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Marco A. Salinas
Knickerbocker Heredia Salinas & Salinas, PC
468 Main St.
Eagle Pass, TX 78852
borderlawyer@hotmail.com

                              /s/ *Faith Johnson Lowry*
                              FAITH JOHNSON LOWRY
                              Assistant United States Attorney